UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

HILDA L.,[1]

Plaintiff,

v.

FRANK BISIGNANO, Commissioner of Social Security,[2]

Defendant.

Case No.:  24cv2348-MSB

**ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION**

**[ECF NOS. 10, 16]**

On December 16, 2024, Plaintiff Hilda Fuamatagi Leomiti Laurenson ("Plaintiff") filed a Complaint pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision by Defendant Frank J. Bisignano, Commissioner of Social Security ("Commissioner"), denying Plaintiff's application for disability insurance benefits.  (See ECF No. 1 at 1.)  Based on Plaintiff's consent [see ECF Nos. 2, 6], this matter is before the

---

[1] Under Civil Local Rule 7.1(e)(6)(b), "[o]pinions by the Court in [Social Security cases under 42 U.S.C. § 405(g)] will refer to any non-government parties by using only their first name and last initial."

[2] In May 2025, Frank Bisignano was sworn in as Commissioner of the Social Security Administration.  See https://www.ssa.gov/agency/commissioner.html (last visited Jan. 5, 2026).  Accordingly, Frank Bisignano is substituted as the defendant in this lawsuit.  See Fed. R. Civ. P. 25(d) ("An action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending.  The officer's successor is automatically substituted as a party.").

undersigned as presiding judge for all purposes, including entry of final judgment.  See 28 U.S.C. § 636(c).

Now pending before the Court is Plaintiff's request to reverse the Commissioner's decision and remand this matter for an award of benefits.  (See ECF No. 10 at 14.)  The Court has carefully reviewed Plaintiff's Complaint ("Compl.") [ECF No. 1], the Administrative Record ("AR") [ECF No. 8], Plaintiff's Motion ("Mot.") [ECF No. 10], and the Commissioner's Opposition ("Opp'n") [ECF No. 16].  For the reasons set forth below, the Court **ORDERS** that judgment be entered **REVERSING** the Commissioner's decision and **REMANDING** this matter for further administrative proceedings.

## I.    PROCEDURAL BACKGROUND

On May 18, 2020, Plaintiff filed an application for disability insurance benefits under Title II of the Social Security Act, alleging disability beginning on March 15, 2019.  (Mot. at 4.)  The Commissioner denied Plaintiff's application initially on February 3, 2021 [AR 186–90]; again upon reconsideration on August 4, 2021 [AR 193–98]; and once more after a hearing and decision issued by Administrative Law Judge ("ALJ") Kevin W. Messer on April 5, 2022 [AR 151–53].  Plaintiff requested review of the ALJ's decision.  (See AR 154.)  The Appeals Council remanded this matter to the ALJ for further administrative proceedings on March 10, 2023.  (AR 173–78.)  In compliance with the Appeals Council's remand order, the ALJ held another hearing on December 15, 2023.  (See AR 38–65.)  As detailed in the ALJ's decision dated March 4, 2024 [AR 17–31], the ALJ found that Plaintiff has not been disabled under the Social Security Act at any time from the alleged onset date through the date that Plaintiff was last insured.  (AR 31.)

Again, Plaintiff requested review of the ALJ's decision.  (See AR 1.)  The Appeals Council denied Plaintiff's request for review on October 22, 2024 [AR 1–6], rendering the ALJ's decision the final decision of the Commissioner.  See 42 U.S.C. § 405(h).  Plaintiff filed the instant civil action on December 16, 2024, seeking judicial review of the Commissioner's decision.  (See generally Compl.)

//

## II.    SUMMARY OF THE ALJ'S FINDINGS

In rendering his decision, the ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. §§ 404.1520(a)(4) and 416.920(a)(4).  (See AR 18–20.)  At step one, the ALJ found that Plaintiff "did not engage in substantial gainful activity during the period from her alleged onset date of March 15, 2019, through her date last insured of September 30, 2022."  (AR 20.)

At step two, the ALJ found that Plaintiff has the following severe impairments that significantly limit her ability to perform basic work activities: degenerative disc disease of the lumbar spine with radiculopathy, osteoarthritis of the bilateral knees, and status post total left knee arthroplasty.  (Id.)  Additionally, the ALJ found that Plaintiff has obstructive sleep apnea, prediabetes, hearing loss, and an ovarian cyst.  (Id.)  However, the ALJ concluded that each of these impairments are either not severe or not medically determinable.  (AR 20–21.)  Likewise, the ALJ concluded that Plaintiff's medically determinable mental impairments are not severe.  (AR 21.)

At step three, the ALJ found that Plaintiff does not have an impairment or a combination of impairments that meets or medically equals the severity of one of the impairments identified in the Commissioner's Listing of Impairments.  (See AR 22.)  Specifically, the ALJ considered listing 1.15 (disorders of the skeletal spine resulting in compromise of a nerve root), listing 1.16 (lumbar spinal stenosis resulting in compromise of the cauda equina), and listing 1.18 (abnormality of a major joint in any extremity) and concluded that the requirements for these listings have not been met. (See AR 22–23.)

Before proceeding to step four, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to:

> [P]erform light work as defined in [20 C.F.R. §§ 404.1567(b) and 416.967(b)] except . . . [Plaintiff can] occasionally climb ramps or stairs; never climb ladders, ropes[,] or scaffolds; [can] occasionally balance, stoop, kneel, crouch[,] and crawl; and [can] frequently handle and finger with the bilateral upper extremities.

(AR 23.)

24cv2348-MSB

Further, the ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause her alleged symptoms. (AR 24.) However, the ALJ concluded that Plaintiff's "statements concerning the intensity, persistence[,] and limiting effects of these symptoms are not entirely consistent with the . . . evidence in the record." (Id.) Thus, the ALJ concluded that "the record does not support a more restrictive residual functional capacity than" light work. (AR 27.)

At step four, the ALJ found that Plaintiff has the residual functional capacity to perform the requirements of her past relevant work as a receptionist and a customer relations clerk. (AR 30.) The ALJ "accept[ed] the testimony of the vocational expert" that a hypothetical individual with Plaintiff's residual functional capacity could perform Plaintiff's past relevant work. (Id.) Having found Plaintiff capable of performing her past relevant work, the ALJ found Plaintiff not disabled. (AR 30–31.)

The ALJ did not proceed to step five of the sequential evaluation process. The ALJ concluded that Plaintiff was not disabled within the meaning of the Social Security Act from March 15, 2019, through September 30, 2022, and denied her application for disability insurance benefits. (See AR 31.)

### III.    DISPUTED ISSUES

Plaintiff raises two issues as the bases for reversing the Commissioner's decision. Those issues are (1) whether the Appeals Council erred in failing to apply Social Security Ruling 24-2p and (2) whether the Appeals Council's error, if any, was harmless. (See Mot. at 8, 12.) Plaintiff argues that remand for further administrative proceedings is unnecessary and instead requests an award of benefits. (See id. at 13.) The Commissioner "is amenable to remand" but argues that an award of benefits is inappropriate, and further administrative proceedings are necessary. (See Opp'n at 3.)

### IV.    STANDARD OF REVIEW

Section 405(g) of the Social Security Act allows unsuccessful claimants to seek judicial review of the Commissioner's final decision. See 42 U.S.C. § 405(g). The scope of judicial review is limited, and the denial of benefits will only be disturbed if it is not

supported by substantial evidence in the record or is based upon legal error.  Luther v. Berryhill, 891 F.3d 872, 875 (9th Cir. 2018) (citations omitted).  The United States Supreme Court interprets "substantial evidence" to mean "more than a mere scintilla," but only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Biestek v. Berryhill, 587 U.S. 97, 97 (2019) (quoting Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)).  The Ninth Circuit further explains that substantial evidence is "less than a preponderance."  Revels v. Berryhill, 874 F.3d 648, 654 (9th Cir. 2017) (quoting Desrosiers v. Sec'y of Health & Hum. Servs., 846 F.2d 573, 576 (9th Cir. 1988)).

When the evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld.  Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008) (citing Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005)).  Although "the ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and [] resolving ambiguities[,]" those findings "must be supported by specific, cogent reasons."  Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998) (citations omitted).

Even if the reviewing court finds that substantial evidence supports the ALJ's conclusions, the court must set aside the ALJ's decision if the ALJ failed to apply the proper legal standards in weighing the evidence and reaching his or her decision.  See Batson v. Comm'r of the Soc. Sec. Admin., 359 F.3d 1190, 1193 (9th Cir. 2004).  The reviewing court may enter "a judgment affirming, modifying, or reversing" the Commissioner's decision.  42 U.S.C. § 405(g).  However, the reviewing court "may not reverse an ALJ's decision on account of an error that is harmless."  Rounds v. Comm'r of the Soc. Sec. Admin., 807 F.3d 996, 1002 (9th Cir. 2015) (quoting Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012)).  The reviewing court may also remand the case to the Social Security Administration for further administrative proceedings.  42 U.S.C. § 405(g).

//

//

//

V.    DISCUSSION

A.    **Whether the Appeals Council Erred in Failing to Apply Social Security Ruling 24-2p**

1.    **Summary of the parties' arguments**

Plaintiff argues that the Appeals Council failed to apply Social Security Ruling 24-2p ("SSR 24-2p"). (Mot. at 8.) On March 4, 2024, the ALJ issued his decision. (See AR 31.) On the date of the ALJ's decision, the Social Security Administration defined a claimant's past relevant work ("PRW") as work that the claimant has performed within the past fifteen years. (Mot. at 8.) On June 6, 2024, the Commissioner published SSR 24-2p, which redefined a claimant's PRW as work that the claimant has performed within the past five years. Id.; see also SSR 24-2p, 89 Fed. Reg. 48480 (June 6, 2024). Plaintiff argues that SSR 24-2p "applies to all 'decisions' issued on or after June 22, 2024." (Mot. at 9.) According to Plaintiff, the Appeals Council's October 22, 2024, decision to deny review of the ALJ's March 4, 2024, decision constitutes a final "decision" within the meaning of SSR 24-2p. (See id.) Plaintiff supports this argument with citations to the Code of Federal Regulations, Ninth Circuit case law, the Social Security Administration's Program Operations Manual System, and the Appeals Council's own decision to deny review. (See id. at 9–11.) Plaintiff argues that, notwithstanding this authority, the Appeals Council did not apply SSR 24-2p at the time that it issued its decision. (Id. at 10.) To summarize, Plaintiff argues that the Appeals Council's decision was issued after the effective date of SSR 24-2p, and thus, the Appeals Council erred in failing to apply SSR 24-2p. (Id. at 11.) According to Plaintiff, this error is not harmless because, if the Appeals Council had applied SSR 24-2p, "it would have been forced to conclude that [Plaintiff] has no [PRW] and found her disabled under grid rule 202.04." (Id. at 13.)

In response, the Commissioner concedes that the Social Security Administration revised its regulations relating to PRW and changed the lookback period from fifteen years to five years. (See Opp'n at 4.) The Commissioner acknowledges that, "[u]nder

the new rules, [PRW] performed within five years prior to Plaintiff's date last insured of September 30, 2022, would be considered by the ALJ." (Id. at 5.)  Thus, the Commissioner does not appear to dispute the applicability of SSR 24-2p to this case. (See generally id.)  Instead, the Commissioner states that "[t]he disputed issue before this Court is whether this case should be reversed and remanded for further administrative proceedings rather than a finding of disability" and an award of benefits. (Id. at 3.)  To summarize, the Commissioner does not dispute that the Appeals Council erred in failing to apply SSR 24-2p, but the Commissioner does dispute the appropriate remedy.  Whether this Court should remand this matter for an award of benefits or further administrative proceedings is a distinct issue that is discussed separately below.

### 2. Applicable law

The Ninth Circuit has consistently held that, "on appeal, arguments not raised by a party in its opening brief are deemed waived." See, e.g., Avenetti v. Barnhart, 456 F.3d 1122, 1125 (9th Cir. 2006) (quoting Smith v. Marsh, 194 F.3d 1045, 1052 (9th Cir. 1999)).  The courts "will not manufacture arguments" for the parties. Arpin v. Santa Clara Valley Transp. Agency, 261 F.3d 912, 919 (9th Cir. 2001) (quoting Barnett v. U.S. Air, Inc., 228 F.3d 1105, 1110–11 n.1 (9th Cir. 2000)).  When a party fails to clearly and distinctly raise an argument in its opening brief, the Ninth Circuit considers the argument abandoned. Ridgeway v. Walmart Inc., 946 F.3d 1066, 1076 (9th Cir. 2020).

### 3. Analysis

The Commissioner's failure to raise an argument against the applicability of SSR 24-2p to Plaintiff's case constitutes waiver.  Plaintiff argues that the Appeals Council failed to apply SSR 24-2p to Plaintiff's case and instead applied the regulations that were in effect prior to the effective date of SSR 24-2p. (See Mot. at 11.)  In the Commissioner's opening brief, the Commissioner does not appear to dispute the applicability of SSR 24-2p to Plaintiff's case. (See generally Opp'n.)  The Ninth Circuit has applied the waiver doctrine specifically in social security cases when the Commissioner failed to raise an argument in the Commissioner's opening brief.  For example, the Ninth

24cv2348-MSB

Circuit found that the Commissioner waived an argument that deference applies to an ALJ's interpretation of a disability listing by failing to argue it in the Commissioner's opening brief.  See Avenetti, 456 F.3d at 1125.  This case demonstrates that the waiver doctrine applies with equal force to the Commissioner in social security cases.

The Commissioner's silence on the applicability of SSR 24-2p in the Commissioner's opening brief constitutes waiver.  The Court "will not manufacture arguments" for the Commissioner that the Commissioner failed to raise in his opening brief.  See Arpin, 261 F.3d at 919 (quoting Barnett, 228 F.3d at 1110–11 n.1).

### 4.     Conclusion

In conclusion, under established Ninth Circuit precedent, the Commissioner waived any argument that the Appeals Council did not err in failing to apply SSR 24-2p. The Court finds that this argument has been abandoned and will proceed to evaluate the parties' arguments regarding the appropriate remedy for the Appeals Council's failure to apply SSR 24-2p.

### B.     Whether Plaintiff Is Entitled to a Finding of Disability and an Award of Benefits

#### 1.     Summary of the parties' arguments

Plaintiff argues that SSR 24-2p applies to all "decisions" issued on or after June 22, 2024, including the Appeals Council's decision to deny Plaintiff's request for review on October 22, 2024.  (See Mot. at 9.)  However, "it is clear from the record that the Appeals Council did not apply the rulings and regulations in effect at the time they took their action."  (Id. at 10.)  Under SSR 24-2p, the lookback period for Plaintiff's PRW is five years prior to Plaintiff's date last insured of September 2022.  (Id. at 12.)  Thus, the lookback period for Plaintiff's PRW begins in September 2017.  (Id.)  According to Plaintiff, the record reflects that Plaintiff has not worked since February 2017.  (Id.) Therefore, if the Appeals Council had applied SSR 24-2p, it would have determined that Plaintiff has no PRW and found her disabled under grid rule 202.04.  (Id. at 13.)

//

24cv2348-MSB

To summarize, Plaintiff argues that she has established her entitlement to an award of benefits, and further administrative proceedings are not necessary.  (Id.)

In response, the Commissioner challenges Plaintiff's claim that "due to the intervening change in agency policy regarding [PRW], Plaintiff would no longer have [PRW] and would be found disabled . . . on remand."  (Opp'n at 4.)  According to the Commissioner, the record contains evidence that Plaintiff may have engaged in work activity during the past five years that would be considered on remand.  (Id.)  Plaintiff and the Commissioner agree that, under SSR 24-2p, the lookback period for Plaintiff's PRW begins in September 2017.  (Id. at 5; Mot. at 12.)  However, while Plaintiff contends that she has not worked since February 2017 [Mot. at 12], the Commissioner contends that "medical records reflect that Plaintiff was working at least to some extent thereafter."  (Opp'n at 5.)  Accordingly, the Commissioner argues that "Plaintiff goes too far in asking the Court to declare her disabled."  (Id.)  Instead, remand for further administrative proceedings is necessary.  (Id. at 6.)  To summarize, the Commissioner argues that, even if the Appeals Council properly applied SSR 24-2p, the record contains evidence from which the ALJ could conclude that Plaintiff has PRW and therefore is not disabled.  (Id. at 4.)

### 2.    Applicable law

#### a.    The credit-as-true rule

In the Ninth Circuit, an award of benefits is appropriate "only in 'rare circumstances' . . . 'where no useful purpose would be served by further administrative proceedings and the record has been thoroughly developed.'"  Treichler v. Comm'r of SSA, 775 F.3d 1090, 1100 (9th Cir. 2014) (citations omitted).  A case satisfies the rare circumstances requirement when the court determines:

> (1) [T]he record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

Garrison v. Colvin, 759 F.3d 995, 1020 (9th Cir. 2014). This is known as "the credit-as-true rule" or "the *Varney* rule." See Treichler, 775 F.3d at 1100.

The credit-as-true rule "is 'settled' and binding on this Court." Anderson v. Colvin, 223 F.Supp.3d 1108, 1132 (D. Or. 2016) (quoting Garrison, 759 F.3d at 999). Thus, to determine whether an award of benefits is appropriate, the Court must conduct the three-step credit-as-true analysis. See Garrison, 759 F.3d 995 at 1020 ("[W]e have devised a three-part credit-as-true [rule], each part of which must be satisfied in order for a court to remand to an ALJ with instructions to calculate and award benefits . . . ."). Before the analysis can be conducted, however, the Court must determine which decision functions as the "final decision of the Commissioner of Social Security" and is therefore subject to judicial review. See 42 U.S.C. § 405(g).

**b.     Judicial review of the Commissioner's final decision**

This Court must determine which decision functions as the "final decision of the Commissioner of Social Security" before deciding whether to remand this matter for an award of benefits or further administrative proceedings. See id. Under the Social Security Act, claimants may only obtain judicial review of the Commissioner's "final decision." Id. When the Appeals Council *grants* a claimant's request for review, that decision is subject to judicial review as the final decision of the Commissioner. See 20 C.F.R. §§ 404.981, 416.1481; see also Sims v. Apfel, 530 U.S. 103, 107 (2000). However, when the Appeals Council *denies* a claimant's request for review, that decision "is a non-final agency action not subject to judicial review[,] [and] the ALJ's decision becomes the final decision of the Commissioner." Taylor v. Comm'r of SSA, 659 F.3d 1228, 1231 (9th Cir. 2011). Thus, "the Appeals Council's reasoning for denying review is not considered on subsequent judicial review." Luther, 891 F.3d at 876. Instead, the court considers the reasoning provided by the ALJ in the ALJ's decision. Id.

**3.     Analysis**

This Court may not affirm or reverse the Appeals Council's decision to deny Plaintiff's request for review. The Appeals Council's denial rendered the ALJ's decision

24cv2348-MSB

final, which is the only decision subject to judicial review. See id. To be clear, the Court is persuaded by Plaintiff's argument that the Appeals Council erred in failing to apply SSR 24-2, and the Commissioner has waived any argument to the contrary. The Social Security Administration clearly stated that SSR 24-2p applies to new applications filed on or after June 22, 2024, as well as claims pending on or after June 22, 2024. See SSR 24-2p, 89 Fed. Reg. 48479 n.1 (June 6, 2024). This statement is consistent with the Social Security Administration's Program Operations Manual System, highlighted in Plaintiff's brief [see Mot. at 11], which requires the Appeals Council to apply new regulations to pending cases.[3] Plaintiff's case was pending from March 26, 2024 (i.e., the date the Appeals Council acknowledged Plaintiff's request for review) until October 22, 2024 (i.e., the date the Appeals Council denied Plaintiff's request for review and the ALJ's decision became final). (See AR 1–8.) Thus, Plaintiff's case was pending on the applicable date of SSR 24-2p. Yet, there is no evidence in the record that the Appeals Council considered SSR 24-2p in its decision to deny review of Plaintiff's claim, despite the assertion that it "applied the laws, regulations[,] and rulings in effect as of the date [it] took this action." (AR 1.)

Although the Court is persuaded by Plaintiff's argument that the Appeals Council erred in failing to apply SSR 24-2p, to determine whether an award of benefits is appropriate, the Court may only consider the Commissioner's final decision. Specifically, the Court may only consider the ALJ's decision because the ALJ's decision became final after the Appeals Council denied Plaintiff's request for review. See Taylor, 659 F.3d at 1231.

The credit-as-true rule is a three-step analysis used to determine whether an award of benefits is appropriate. See Garrison, 759 F.3d at 1020. Failure to satisfy any step of the analysis precludes this Court from awarding benefits. See Dominguez v. Colvin, 808 F.3d 403, 407 (9th Cir. 2016). First, the Court must determine whether

---

[3] The applicable section of the Social Security Administration's Program Operations Manual System is accessible at https://secure.ssa.gov/apps10/poms.nsf/lnx/0427505020.

"there are [any] outstanding issues that must be resolved before a determination of disability can be made," that is, whether the record is fully developed. Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004). Second, the Court must determine whether "the ALJ failed to provide legally sufficient reasons for rejecting the evidence." Id. Third, the Court must determine whether "it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited." Id. If each step of the credit-as-true rule is satisfied, then Plaintiff's case meets the rare circumstances requirement that allows this Court to award benefits. See Treichler, 775 F.3d at 1101–02.

**a.    Fully developed record**

Courts begin their analysis under the credit-as-true rule by determining whether the record is fully developed. See Garrison, 759 F.3d at 1020. When the record is fully developed, and further administrative proceedings would not be useful, the court should award benefits. Benecke, 379 F.3d at 593. However, remand for further administrative proceedings is appropriate when additions to the record would be useful or when doing so would remedy defects in the original administrative proceedings. See Lewin v. Schweiker, 654 F.2d 631, 635 (9th Cir. 1981).

At this step, the Court must determine whether the record "is fully developed, is free from conflicts and ambiguities, and 'all essential factual issues have been resolved.'" Dominguez, 808 F.3d at 407 (quoting Treichler, 775 F.3d at 1101). A record containing conflicts, ambiguities, or factual issues that need to be resolved before a determination of disability can be made precludes a court from awarding benefits. See Dominguez, 808 F.3d at 407. In Dominguez, the claimant's medical records contained conflicting evidence regarding the extent of the claimant's limitations. Id. at 408. Additionally, there was a factual issue as to the claimant's disability onset date. Id. at 409. The court held that the record was not fully developed due to the conflicting evidence and the outstanding factual issue. See id. at 410. This determination precluded the court from moving on to the second step of the analysis or awarding

24cv2348-MSB

benefits. See id. The court affirmed the lower court's decision to remand the case to the ALJ for further administrative proceedings. Id.

Here, like in Dominguez, there are factual issues that must be resolved by the ALJ before this Court may award benefits. Although the parties agree that the lookback period for Plaintiff's PRW under SSR 24-2p would begin in September 2017, the parties disagree about Plaintiff's work history during the lookback period. (See Mot. at 12; see also Opp'n at 5.) Plaintiff argues that the evidence in the record indicates she has not worked since February 2017. (Mot. at 12.) Therefore, relying on SSR 24-2p, Plaintiff argues that she has no PRW, and the ALJ would have no choice but to conclude that Plaintiff is disabled. (See id. at 13.) The Commissioner, on the hand, highlights inconsistencies in the record that indicate Plaintiff worked in some capacity after 2017. (Opp'n at 5.)

The record supports the Commissioner's argument that it is unclear when Plaintiff stopped working. Throughout the record, Plaintiff reports that she stopped working in 2012 [see AR 539], 2017 [see AR 594], 2018 [see AR 809], and 2019 [see AR 580]. However, Plaintiff's medical records contradict her reports. (Opp'n at 5.) For example, during a telehealth appointment on October 15, 2020, the provider noted that Plaintiff "works remotely during COVID-19 pandemic." (Id.; AR 561.) As another example, during a telehealth appointment on June 29, 2021, the provider noted that Plaintiff "reports she is employed in a call center." (Opp'n at 5; AR 726.)

At step one of the sequential evaluation process, the ALJ found that Plaintiff did not engage in substantial gainful activity from March 15, 2019, through September 30, 2022. (AR 20.) However, the medical records cited herein and in the Commissioner's brief indicate that Plaintiff worked in some capacity during 2020 and 2021. Although Plaintiff may have worked after September 2017, it may be the case that Plaintiff did not hold any job for "a period of 30 consecutive days," and thus, Plaintiff has no PRW. See 20 C.F.R. §§ 404.1560(b)(1), 416.960(b)(1) (excluding work from the definition of "past relevant work" if the claimant "started and stopped it in fewer than 30 calendar days").

24cv2348-MSB

Critically, resolution of ambiguities in the record should be resolved by the ALJ. Treichler, 775 F.3d at 1098.  Therefore, the record is not fully developed, and further administrative proceedings are necessary to clarify Plaintiff's work history.

On remand, the ALJ would apply SSR 24-2p, which the ALJ did not initially consider in his decision.  (See Opp'n at 4.)  When issuing his decision, the ALJ relied on Plaintiff's past relevant work as a receptionist and a customer relations clerk performed prior to the five-year lookback period under SSR 24-2p.  (See AR 30.)  The Commissioner argues that remand for further administrative proceedings is necessary to allow the ALJ to conduct an updated analysis of the record to reach a conclusion about Plaintiff's PRW. (See Opp'n at 4.)

"Remand for further administrative proceedings is appropriate [when] enhancement to the record would be useful."  Benecke, 379 F.3d at 593.  Here, it is uncertain when Plaintiff stopped working and what, if any, PRW would be considered in the ALJ's analysis if the case was remanded for further administrative proceedings. Conflicts and ambiguities are to be remedied by an ALJ, rather than a court.  Treichler, 775 F.3d at 1094.  Given the contradictions in the record, the Court cannot conclude that the record is fully developed.

Because the first step of analysis under the credit-as-true rule is not satisfied, the Court need not address the remaining steps.  See Garrison, 759 F.3d 995 at 1020 (emphasizing that each part of the credit-as-true rule "must be satisfied in order for a court to remand to an ALJ with instructions to calculate and award benefits").  Although this finding precludes the Court from proceeding to the next step of the analysis or awarding benefits, the Court nevertheless finds it necessary to continue the analysis under the credit-as-true rule for completeness.

### b.      Legal error by the ALJ

Assuming *arguendo* that the first step was satisfied, the Court must consider whether "the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion."  Garrison, 759 F.3d at 1020.  This step

24cv2348-MSB

presents a unique procedural posture.  The issue here is not the ALJ's improper rejection of evidence, but rather the Appeals Council's failure to apply SSR 24-2p when it denied Plaintiff's request for review on October 22, 2024.  (See Mot. at 11.)  The ALJ issued his decision on March 4, 2024 [AR 31], before SSR 24-2p's effective date of June 22, 2024.  See SSR 24-2p, 89 Fed. Reg. 48479 (June 6, 2024).  The parties agree that, at the time of the ALJ's decision, the applicable regulations required the ALJ to consider Plaintiff's work performed within the preceding fifteen years.  (Mot. at 8; Opp'n at 4.)  The ALJ properly applied the law as it existed when he rendered his decision and found that Plaintiff had PRW as a receptionist (last performed in December 2015) and a customer relations clerk (last performed in February 2017), both of which fell within the then-applicable lookback period.  (See AR 30; see also AR 403).  The question, then, is whether the Appeals Council's failure to apply SSR 24-2p constitutes a "fail[ure] to provide legally sufficient reasons" within the meaning of the credit-as-true rule.  See Garrison, 759 F.3d at 1020.

The second step of the analysis under the credit-as-true rule typically addresses situations where the ALJ has improperly rejected the claimant's testimony or a medical opinion.  Plaintiff's case presents a different scenario, that is, the Appeals Council's failure to apply a superseding legal standard to a pending claim.  Nevertheless, the second step's underlying concern (i.e., whether the Social Security Administration failed to provide legally sufficient reasons for its decision) is implicated here.  The Appeals Council failed to apply the correct legal standard when it denied Plaintiff's request for review.  The Appeals Council explicitly stated that it "applied the laws, regulations[,] and rulings in effect as of the date [it] took this action."  (AR 1.)  This statement was incorrect.  The Appeals Council did not apply SSR 24-2p, which was in effect on October 22, 2024.  The Appeals Council did not provide any reasons for declining to apply SSR 24-2p, nor could it, as the ruling unambiguously requires application to pending cases.  See SSR 24-2p, 89 Fed. Reg. 48479 n.1 (June 6, 2024).  The Appeals Council's representation

//

24cv2348-MSB

that it applied the rulings in effect as of October 22, 2024, was inaccurate, and no legally sufficient explanation exists for the error.

The Commissioner argues that the proper remedy for the Appeals Council's error is remand for the Social Security Administration to apply the correct legal standard in the first instance, consistent with the "ordinary remand rule" that courts "should remand a case to an agency for decision of a matter that statutes place primarily in agency hands." (Opp'n at 5–6 (quoting INS v. Orlando Ventura, 537 U.S. 12, 16 (2002).) This argument has force, particularly where further development of the record is needed regarding Plaintiff's work activity during the five-year lookback period. The situation might be different if the record was fully developed and application of SSR 24-2p was purely mechanical, meaning it was undisputed that Plaintiff had no work activity during the five-year lookback period and grid rule 202.04 clearly mandated a finding of disability. Under such circumstances, the second step might be satisfied because the Social Security Administration failed to provide legally sufficient reasons for not applying a mandatory legal standard to a fully developed record. Here, however, the factual ambiguities discussed in the first step preclude such a straightforward application. The inconsistent statements about what year Plaintiff stopped working and the medical records suggesting Plaintiff was working in 2020 and 2021 indicate that application of SSR 24-2p requires factual findings that the Social Security Administration has not yet made.

Even assuming the second step applies to the Appeals Council's failure to apply a superseding legal standard to a pending claim (as opposed to the ALJ's improper rejection of evidence), the Court cannot conclusively find that this step is satisfied. Although the Appeals Council clearly erred in failing to apply SSR 24-2p, and although it provided no legally sufficient explanation for this failure, the error occurred in the context of an incompletely developed factual record. The proper remedy for such an error is to remand for the Social Security Administration to apply the correct legal standard while making necessary factual findings, rather than for this Court to make

24cv2348-MSB

those findings in the first instance through the credit-as-true rule.  In any event, because the first step is not satisfied, the credit-as-true rule does not warrant an immediate award of benefits.  The matter must be remanded for further administrative proceedings.

### c. Whether the ALJ would be required to find Plaintiff disabled

In the third and final step of the analysis under the credit-as-true rule, the Court must determine whether "'the ALJ would be required to find the claimant disabled on remand' if the 'improperly discredited evidence were credited as true.'"  Dominguez, 808 F.3d at 407 (quoting Garrison, 759 F.3d at 1020).  If the evidence demonstrates conclusively that the claimant cannot work, then the claimant must be found disabled.  See Moore v. Comm'r of the SSA, 278 F.3d 920, 926 (9th Cir. 2002).  On the other hand, if "it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated" then "[the] ALJ's decision cannot be affirmed on the ground that it is supported by substantial evidence."  Dominguez, 808 F.3d at 407.

If the Court determines that the record creates no doubt as to the claimant's eligibility for benefits, further administrative proceedings serve no useful purpose.  See Garrison, 759 F.3d at 1022.  In Garrison, the ALJ erroneously rejected medical evidence.  Id. at 1010.  Notwithstanding the ALJ's error, the court found that the record was fully developed and revealed no doubt as to the claimant's entitlement to benefits.  Id. at 1022.  Accordingly, the court remanded for an award of benefits.  Id. at 1023.

Plaintiff's case is distinguishable from Garrison because there is still doubt as to Plaintiff's entitlement to benefits.  A claimant's PRW is highly relevant to a disability determination.  As discussed herein, an ALJ should resolve the inconsistencies regarding Plaintiff's PRW.  Until this is addressed, the Court cannot determine whether the ALJ would be required to find Plaintiff disabled on remand.  Moreover, the Court cannot conclusively determine that Plaintiff is disabled using the Medical-Vocational Guidelines because, although her age and education are known, Plaintiff's PRW is not clear from

the record.  Thus, further administrative proceedings would not be futile because they are needed to remedy the inconsistencies regarding Plaintiff's PRW.

Plaintiff's claim fails to satisfy the third step of the credit-as-true rule due to the lack of certainty about Plaintiff's PRW and the utility of further administrative proceedings.

### 4.   Conclusion

In conclusion, the Court cannot remand this matter for an award of benefits because all three steps of the credit-as-true rule are not satisfied.  There is conflicting evidence in the record regarding Plaintiff's PRW, and further administrative proceedings would be useful to resolve these conflicts.

### VI.   CONCLUSION

Plaintiff argues she has established her entitlement to benefits, and thus, this matter should not be remanded for further administrative proceedings.  (Mot. at 13.) The Commissioner asks the Court to remand this matter for further administrative proceedings.  (Opp'n at 5.)

A reviewing court may enter a "judgment affirming, modifying, or reversing" the Commissioner's decision.  42 U.S.C. § 405(g).  A reviewing court may also remand the case to the Social Security Administration for further proceedings.  Id.  The reviewing court has discretion in determining whether to remand for further proceedings or award benefits.  See Salvador v. Sullivan, 917 F.2d 13, 15 (9th Cir. 1990); McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989).  Remand for further proceedings is warranted where additional administrative proceedings could remedy defects in the decision.  See Kail v. Heckler, 722 F.2d 1496, 1497 (9th Cir. 1984).  Remand for the award of benefits is appropriate where no useful purpose would be served by further administrative proceedings, where the record has been fully developed, or where remand would unnecessarily delay the receipt of benefits to which the claimant is entitled.  See Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986); Bilby v. Schweiker, 762 F.2d 716, 719 (9th Cir. 1985); Kornock v. Harris, 648 F.2d 525, 527 (9th Cir. 1980).

24cv2348-MSB

Here, an award of benefits is inappropriate because the record has not been fully developed, and remand for further proceedings is warranted to clarify Plaintiff's work history.

For the foregoing reasons, the Court **ORDERS** that judgment be entered **REVERSING** the Commissioner's decision and **REMANDING** this matter for further administrative proceedings.

**IT IS SO ORDERED.**

Dated:  February 26, 2026

_____
Honorable Michael S. Berg
United States Magistrate Judge

24cv2348-MSB